UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY WILLIAMS,

        Plaintiff,                          Case No. 11-15219

v.                                             Paul D. Borman
                                                United States District Judge
COMMISSIONER OF
SOCIAL SECURITY,                          R. Steven Whalen
                                                United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Whalen's January 23, 2013 Report and Recommendation. (Dkt. No. 14, Objections). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's Objections, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Motion for Summary Judgment, and affirms the findings of the Commissioner.

**I. BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (Dkt. No. 13, Report and Recommendation at 6-8). In summary, the Plaintiff, Tiffany Williams, filed the instant claim for supplemental security

income on May 4, 2010, alleging she became unable to work on September 15, 1998. (Tr. 117-23). Plaintiff was 22 years old at the time of her most recent administrative hearing and alleged she had a learning disorder, depressive disorder, intermittent explosive disorder, obsessive-compulsive disorder and intermittent alcohol abuse. (Tr. 11-12). On February 1, 2010, the ALJ, Ramona Fernandez, held that Plaintiff was not disabled. (Tr. 6-23). The Appeals Council denied Plaintiff's request for review on September 23, 2011. (Tr. 1-4).

Plaintiff filed this Complaint on November 28, 2011, challenging the denial of benefits. (Dkt. No. 1). Both parties filed motions for summary judgment which were referred for decision to Magistrate Judge Whalen. (Dkt. Nos. 9 & 12). The Magistrate Judge issued a Report and Recommendation on January 23, 2013, recommending Plaintiff's motion be denied, Defendant's motion be granted and affirming the findings of the Commissioner. (Dkt. No. 15). Plaintiff filed objections to the Report and Recommendation that are currently before the Court. (Dkt. No. 14). For the reasons that follow, the Court DENIES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation and AFFIRMS the findings of the Commissioner.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin*

*v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id*. (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that merely disagrees with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

3

## III. ANALYSIS

A.  Plaintiff's First Objection

Plaintiff first argues that the ALJ erred when she "rejected" the opinion of Plaintiff's psychiatrist, Dr. Carina Lazar. (Pl.'s Obj. at 3). Plaintiff contends that the Magistrate Judge erred in accepting the ALJ's finding that the opinion was based primarily on subjective complaints and not remanding the case for further fact development. Plaintiff asserts that psychiatrists, like Dr. Lazar, are particularly trained to evaluate and diagnose patients based on subjective complaints which may also have objective components.

First, to the extent Plaintiff appears to argue in her objection that the ALJ "rejected" Dr. Lazar's opinion, this is not true. Rather, as Plaintiff admits in her motion for summary judgment, the ALJ gave less weight to the opinion rather than rejecting it. (*See* Tr. 17). Therefore, to the extent Plaintiff claims that it was error for the ALJ to reject Dr. Lazar's opinion, the Court denies the objection.

Assuming Plaintiff is objecting to the ALJ assigning Dr. Lazar's opinion less weight, the Court still finds Plaintiff's objection unpersuasive. Plaintiff's argument ignores the reality that the ALJ did not base her decision to limit the weight accorded to Dr. Lazar's opinion solely upon the fact it was supported by Plaintiff's subjective complaints. Rather, as the Magistrate Judge accurately noted, the ALJ gave Dr. Lazar's opinion limited weight because the findings were supported by Plaintiff's subjective complaints *and also* because of other good reasons. (*See* Report & Recommendation at 10). Particularly, the ALJ noted that Dr. Lazar's opinion was not supported by objective findings. (Tr. 17). Further, the ALJ also found that Plaintiff's own testimony regarding her ability to take care of herself undermined Dr. Lazar's opinion. (*See* Tr. 16-17). Dr. Lazar's opinion was also contradicted by other medical evidence, specifically a mental status examination

in December 2010 in which the Plaintiff reported she was "not depressed." (Tr. 256). All of the reasons cited by the ALJ are valid reasons to discount a medical opinion pursuant to the regulations. *See* 20 C.F.R. §§ 404.1527(d)(1)-(6). Plaintiff's argument fails to contradict or acknowledge any of these other reasons.[1] Therefore, Plaintiff's objection is denied.

B.      Plaintiff's Second Objection

Plaintiff next appears to argue that the ALJ erred in relying on the findings of a social worker because "the findings of the social worker are not conclusive as they relate to the Plaintiff's mental health" and the ALJ erred by discounting all other opinions of disability. (Pl.'s Obj. at 3).

In her decision, the ALJ provided that she gave "great weight" to the opinion of social worker, Lynda Brown who assessed Plaintiff on January 10, 2012. (*See* Tr. 284-89; Tr. 17). The ALJ also acknowledged Ms. Brown's opinion was not an "acceptable medical source" pursuant to 20 C.F.R. § 416.913(a), and "duly evaluated [her opinion] as lay evidence regarding the effects that the claimant's impairments have on her functional limitations". (Tr. 17). The ALJ's decision

---

[1] The Magistrate Judge noted that the ALJ's treatment of Dr. Lazar's opinion conformed with the procedural requirements of the treating physician rule. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242l; 20 C.F.R. § 404.1527(d)(2) (moved to 20 C.F.R. § 404.1527(c)(2) on March 26, 2012). However, the record indicates that Plaintiff only treated with Dr. Lazar once, on July 8, 2010. (Tr. 206-09). One single visit does not give rise to a "treating physician" relationship. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (holding that the treating physician rule did not apply when the doctor only treated the plaintiff once.); *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 506-07 (6th Cir. 2006) (recognizing that "[a] plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship ... Indeed, depending on the circumstances an the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship."); 20 C.F.R. § 404.1502 (defining "treating source" as, "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an <u>ongoing treatment relationship</u> with you." (emphasis added)). Therefore, while the ALJ was thorough in providing multiple reasons for assigning less weight to Dr. Lazar's opinion, she was not bound to treat the opinion with the deference accorded to a treating physician's opinion.

comported with the regulations and also SSR 06-03, which provides that licensed clinical social workers are not considered "acceptable medical sources" but rather, designated as "other sources". SSR 06-03, 2006 WL 2329939, *2. While evidence from an "other source" cannot establish the existence of a medical determinable impairment, information from a social worker "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*. One of the factors an ALJ considers in evaluating a social worker's opinion is its consistency with other evidence. *Id*. at *4-5.

Plaintiff's argument that ALJ erred in its treatment or reliance on Ms. Brown's opinion is unpersuasive. In the present case, the ALJ properly evaluated Ms. Brown's opinion by acknowledging it was not an acceptable medical source but finding that it was consistent with the record and supported by "her objective findings". (Tr. 17-18). Further, the ALJ noted that Ms. Brown's opinion was also consistent with Plaintiff's own testimony regarding her functional ability. (Tr. 18). Therefore, the ALJ's treatment of Ms. Brown's opinion was not in error and was properly acknowledged as an "other source" opinion rather than an "acceptable medical source". (Tr. 17). This objection is denied.

C.      Plaintiff's Third and Fourth Objections

The first two objections directly relate to the two arguments made by Plaintiff in her motion for summary judgment. Plaintiff's third and fourth objections, however, are new arguments that Plaintiff raises for the first time her in objections.

Courts generally do not consider arguments on review that were never raised before the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (holding that a party's failure to raise a claim before the magistrate constitutes a waiver as the Magistrate Judge

Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Glidden Co. v. Kinsella*, 386 Fed. App'x 535 n. 2 (6th cir. 2010) (recognizing that the Sixth Circuit has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver" and noting that other districts are split on the issue.); *see also Dixon v. Comm'r of Soc. Sec.*, No. 10-14283, 2012 WL113522 (E.D. Mich. Jan. 13, 2012) (finding wavier when party first raises an argument in an objection); *Page v. Comm'r of Soc. Sec.*, No. 07-14873, 2009 WL 801723, at *4 (E.D. Mich. Mar. 24, 2009) (noting same). Therefore, as Plaintiff raises these new arguments for the first time in her third and fourth objections those arguments are waived.

Alternatively, Plaintiff's third and fourth objections also fail on their merits. In her third objection, Plaintiff argues that the ALJ erred in finding that Plaintiff could do work as a laundry worker because of her limited reading skills. Plaintiff then requests a remand based on Sentence Four and Six of 42 U.S.C. § 405(g) and claims that "[t]he sentence six remand is requested as there exist[s] material and new evidence refute the Vocational Expert[']s incorrect vocation assessment of the claimant's residual functional capacity." (Pl.'s Obj. at 3). Plaintiff's third objection lacks any argument, case law or reasoning. Rather, Plaintiff merely asserts that Plaintiff's reading skills would prohibit her from performing the laundry worker position. The Court notes that the ALJ specifically found that Plaintiff the "basic ability to read". (Tr. 19). Further, Plaintiff also fails to explain what "material new evidence" exists to support her claim. Therefore, this objection is denied.

In her fourth objection, Plaintiff takes issue with the ALJ's acceptance of the Vocational Expert's conclusions that Plaintiff could do work as a dishwasher or a groundskeeper. (Pl.'s Obj. at 3). Plaintiff argues that Vocational Expert erred in finding that a dishwasher was not responsible

7

for production quotas and also claims there some reading may be required for that position. Plaintiff also contends the Vocational Expert's assessment was flawed because a groundskeeper must be able to read and take instruction from supervisors. Finally, Plaintiff requests a remand pursuant to Sentence Six of § 405(g) because "there is material and new evidence which will refute the vocational expert[']s assessment ..." (Pl.'s Obj. at 3-4).

Plaintiff again fails to set forth what "new evidence" would support a Sentence Six remand. Further, Plaintiff also offers no citations to the record or any case law to buttress her fourth objection. Finally, Plaintiff's argument appears to be a restatement of her attorney's proposed limitations to the Vocational Expert. (Tr. 64-68). However, the ALJ specifically noted that those proposed limitations were not supported by any medical opinion and that Plaintiff had a basic ability to read as evidenced by her standardized test scores, her education and her own testimony. (Tr. 19). Therefore, Plaintiff's argument that ALJ erred by accepting the Vocational Expert's testimony is baseless and her fourth objection is denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (Dkt. No. 14), ADOPTS the Report and Recommendation (Dkt. No. 13), DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 9), GRANTS Defendant Commissioner's Motion for Summary Judgment (Dkt. No. 12), and AFFIRMS the decision of the Commissioner.

SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: March 20, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2014.

                                        s/Deborah Tofil
                                        Case Manager